RONALD P. SLATES, State Bar #43712
RONALD P. SLATES, A PROFESSIONAL CORPORATION
500 South Grand Avenue, Biltmore Tower Suite 2010
Los Angeles, California 90071
(213) 624-1515 / FAX (213) 624-7536
rslates2@rslateslaw.com
Attorneys for Plaintiff and Judgment Creditor
AVT - NEW YORK, L.P., a Utah limited partnership

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AVT - NEW YORK, L.P., a Utah limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>OLIVET UNIVERSITY, a California corporation,<br><br>Defendant. | CASE NO. 5:20-cv-00269-VAP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF AND JUDGMENT CREDITOR AVT'S EX PARTE APPLICATION FOR: (1) WRIT OF POSSESSION; (2) TURNOVER ORDER; (3) PRIVATE PLACE ORDER AND (4) SUBSTITUTE CUSTODIAN ORDER**<br><br>The Hon. Virginia A. Phillips, Chief District Judge<br><br>Crtrm: 8A, 8th Floor<br>Place: 350 West 1st Street<br>　　　Los Angeles, CA 90012<br><br>Judgment entered on January 7, 2019 |

**To the Honorable Virginia A. Phillips, Chief District Judge, the Judgment Debtor Olivet University, a California corporation and to their attorneys of record:**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff and Judgment Creditor AVT - New York, L.P., a Utah limited partnership ("AVT") hereby submits its Memorandum of Points and Authorities in support of AVT's Application for: (1) Writ of Possession; (2) Turnover Order; (3) Private Place Order and (4) Substitute Custodian Order (collectively the "Application").

## I. INTRODUCTION

This Application concerns Leased Property that the Court has ordered Judgment Debtor Olivet University ("Olivet") to immediately return to AVT pursuant a judgment, which included a writ of replevin. *See* Declaration of Kevin A. Hoang ("Hoang Decl."), ¶ 5, Exhibit 1, which is a true and correct copy of the January 7, 2019 Judgment.

The Leased Property is owned by AVT; it had been leased to Olivet pursuant to a lease contract. *See* Declaration of Kennedy D. Nate ("Nate Decl."), ¶ 6. To date, Olivet has refused to return any of the Leased Property. *See* Nate Decl., ¶ 7.

### A. January 7, 2019 Judgment

On January 7, 2019, judgment was entered against Olivet and signed by the Honorable Judge Dee Benson for the United States District Court, District of Utah. *See* Hoang Decl., ¶ 5, Exhibit 1, which is a true and correct copy of the January 7, 2019 Judgment.

Paragraph 3 of the January 7, 2019 Judgment states in pertinent part:

"Plaintiff's request for a writ of replevin and an order immediately returning all of the Leased Property as defined in the Lease Schedules is GRANTED. The Leased Property includes, without limitation, the following property:

- Dell PowerEdge R830 Servers - 2x Intel Xeon E5-46IO v4 1.8GHz. 25M Cache, 6.4 GT/s QPI, No turbo. HR, IOC/20T (105W) Max Mem 1866 MHZ, Chassis with up to 16, 2.5" hard drives with associated component, with Serial Nos.:
  • 46WTCH2,
  • 46WVCH2,
  • 46WWCH2,
  • 46XSCH2,

Page 2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF AND JUDGMENT CREDITOR AVT'S EX PARTE APPLICATION FOR WRIT OF POSSESSION; TURNOVER ORDER; PRIVATE PLACE ORDER AND SUBSTITUTE CUSTODIAN ORDER

- 46XTCH2,
- 46XVCH2,
- 46XWCH2,
- 46YSCH2,
- 46SWCH2,
- 46TSCH2,
- 46TTCH2,
- 46TVCH2,
- 46TWCH2, and
- 46VSCH2.

• Dell PowerEdge R830 Servers - 2x Intel Xeon E5-46IO v4 1.8GHz. 25M Cache, 6.4 GT/s QPI, No turbo. HR, IOC/20T (105W) Max Mem 1866 MHZ, Chassis with up to 16, 2.5" hard drives with associated component, with Serial Nos.:
- 46VTCH2,
- 46VVCH2,
- 46VWCH2,
- 46WSCH2,
- 46YVCH2,
- 46YWCH2,
- 46ZSCH2,
- 46ZTCH2,
- 46ZVCH2,
- 46ZWCH2,
- 470TCH2,
- 470VCH2,
- 470WCH2, and
- 471TCH2.

• 2,290 Sq. Ft. Single Family Modular Home with associated components.

• Assorted office furniture and workstations including delivery and assembly:
- 50 trading desk,
- 35 Allsteel workstations,
- 21 Allsteel filing cabinets,
- 29 Hon cabinets,
- 75 Office star chairs,
- 21 assorted chairs,
- 11 executive desks,
- 6 conference and round tables,
- 2 large couches,
- 32 humanscale dual monitor arms,
- 16 conference table chairs,
- 2 long conference tables,
- 1 large round conference table,
- 4 global upholstery leather chairs, and
- 1 glass coffee table

Defendant is ORDERED to immediately return the Leased Property to Plaintiff."

Page 3

On March 8, 2019, AVT registered the January 7, 2019 Judgment in the United States District Court, Central District of California. *See* Hoang Decl., ¶ 7, Exhibit 2, which is a true and correct copy of the March 8, 2019 Clerk's Certification of a Judgment To Be Registered in Another District [docket no. 1]. As such, AVT is entitled to immediate full enforcement of the January 7, 2019 Judgment, which includes the writ of replevin, pursuant to 28 U.S.C. §1963 (which allows for registration of judgments for enforcement in other districts).

### B. The February 2020 Supplemental Hearing

On January 14, 2020, the District Court in Utah ordered either Barnabas Jung, Olivet's CFO, or Tracy Davis, Olivet's president, to appear for a judgment debtor's examination, which would be held on February 13, 2020. *See* Nate Decl., ¶ 8.

On February 13, 2020, Olivet produced Barnabas Jung for examination under oath at the United States District Court for the District of Utah. *See* Nate Decl., ¶ 9.

During the examination, Mr. Jung confirmed that Olivet is still in possession of the Leased Property identified in the Judgment. *See* Nate Decl., ¶ 10. In particular, Mr. Jung confirmed that the servers listed in the Judgment are currently located at 36401 Tripp Flats Road, Anza, California, 92539 (the "Riverside Campus"), in a server room located next to the chapel at the university. *See* Nate Decl., ¶ 11. Prior to Mr. Jung's testimony, Olivet would not disclose to AVT where the Leased Property was being held or if it was still in Olivet's possession. *See* Nate Decl., ¶ 12.

When AVT's counsel, Kennedy A. Nate, asked Mr. Jung if Olivet would agree to release the Leased Property to AVT, Mr. Jung responded that he would have to talk to his counsel and other officers of Olivet before he could answer the question. *See* Nate Decl., ¶ 13.

Mr. Jung testified that he was aware of both the January 7, 2019 Judgment and the Court's order that Olivet return the Leased Property. *See* Nate Decl., ¶ 14.

Page 4

Case 5:20-cv-00269-VAP   Document 17-1   Filed 03/11/20   Page 5 of 11   Page ID #:70

Despite such order and Judgment, Mr. Jung testified that he would have to talk to his counsel and officers of Olivet before he could answer that question. *See* Nate Decl., ¶ 15.

Mr. Jung also testified that Olivet currently has no less than nine (9) different campuses nationwide and that Olivet owns various other real property located throughout the United States. *See* Nate Decl., ¶ 16.

Mr. Jung further testified that Olivet would not agree to return the Leased Property. *See* Nate Decl., ¶ 17.

To date, Olivet has not returned the Leased Property or otherwise agreed to allow Plaintiff to enter onto the university's property to recover the Leased Property. *See* Nate Decl., ¶ 18.

Demand has been made on Olivet to turn over possession of the Leased Property, but Olivet has failed and refused to do so. AVT has the right to immediate possession pursuant to the January 7, 2019 Judgment.

Therefore, AVT requests that this Court grant its Application for Writ of Possession. AVT also requests a Turnover Order, a Private Place Order (in the event that the U.S. Marshal is required to lawfully force open the premises) and a Substitute Custodian Order given the fact that the Leased Property is readily transportable and the only way that AVT may be able to take possession of the Leased Property. Absent these Orders, Olivet could circumvent the Court's Writ of Possession by simply moving the Leased Property to a location different from what is stated in the Order for Writ of Possession such that the levying officer will never be able to effectuate the levy.

## II. ARGUMENT

The Application pertains to the Leased Property to which AVT is entitled to possession of at this time and which are wrongfully being detained by Olivet.

Federal Rule of Civil Procedure, Rule 64(a) provides:

Page 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF AND JUDGMENT CREDITOR AVT'S EX PARTE APPLICATION FOR WRIT OF POSSESSION; TURNOVER ORDER; PRIVATE PLACE ORDER AND SUBSTITUTE CUSTODIAN ORDER

"(a) Remedies Under State Law - In General. At the commencement of and throughout an action, every remedy is available that, under state law where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."

### A. AVT Is Entitled to a Writ of Possession

#### 1. Federal Rule of Civil Procedure, Rule 70

Federal Rules of Civil Procedure, Rule 70 provides:

"(a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

(b) Vesting Title. If the real or personal property is within the district, the court—instead of ordering a conveyance—may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance.

(c) Obtaining a Writ of Attachment or Sequestration. On application by a party entitled to performance of an act, the clerk must issue a writ of attachment or sequestration against the disobedient party's property to compel obedience.

(d) Obtaining a Writ of Execution or Assistance. On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

(e) Holding in Contempt. The court may also hold the disobedient party in contempt."

In this case, AVT is entitled to immediate full enforcement of the January 7, 2019 Judgment, which included a writ of replevin. Olivet is willfully disobeying the terms of the Judgment that was issued more than one year ago.

Pursuant to 28 U.S.C. § 1963, which allows for registration of judgments for enforcement in other districts, AVT registered the January 7, 2019 Judgment in the United States District Court for the Central District of California on March 8, 2019. *See* Hoang Decl., ¶ 7, Exhibit 2, which is a true and correct copy of the March 8, 2019 Clerk's Certification of a Judgment To Be Registered in Another District [docket no.1].

**2. California Code of Civil Procedure, §712.010 et seq.**

The procedure for execution of judgments, including proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution, is the practice and procedure of that state in which the district court is held. *See* FRCP 64.

Pursuant to California Code of Civil Procedure, §714.010(a), "[a] judgment of possession of personal property may be enforced by a writ of possession of personal property issued pursuant to Section 712.010."

California Code of Civil Procedure, §§ 712.020 and 714.010(b) set forth the requirements for a Writ of Possession. AVT has currently filed its Application for Writ of Possession.

California Code of Civil Procedure, §712.020 provides:

"A writ of possession or sale issued pursuant to this division shall require the levying officer to whom it is directed to enforce the judgment and shall include the following information:

(a) The date of issuance of the writ.

(b) The title of the court where the judgment for possession or sale is entered and the cause and number of the action.

(c) The name and address of the creditor and the name and last known address of the judgment debtor. If the judgment debtor is other than a natural person, the type of legal entity shall be stated.

(d) The date the judgment was entered, and the date of any subsequent renewals, and where entered in the records of the court.

(e) If the judgment for possession or sale includes a money judgment, the amount required to satisfy the money judgment on the date the writ is issued, and the amount of interest accruing daily on the principal amount of the judgment from the date the writ is issued may be included on the writ at the option of the creditor.

(f) Whether any person has requested notice of sale under the judgment and, if so, the name and address of that person.

(g) Any other information required to be included in the particular writ.

(h) A statement indicating whether the case is limited or unlimited."

Additionally, California Code of Civil Procedure, §714.010(b) provides:

"(b) In addition to the information required by Section 712.020, the writ of possession of personal property shall contain the following:

(1) A description of the property to be delivered to the judgment creditor in satisfaction of the judgment.

(2) The value of the property if specified in the judgment or a supplemental order supplemental order."

AVT's Application for Writ of Possession and the January 7, 2019 Judgment, together with the accompanying Declarations of Kennedy D. Nate, Jason A. McNeill and Kevin A. Hoang (and authenticated documents attached as Exhibits thereto) satisfy each and every requirement as set forth herein. Therefore, AVT is entitled to a Writ of Possession and immediate possession of the Leased Property.

### B. AVT Is Entitled To a Turnover Order

California Code of Civil Procedure §714.030 provides:

"(a) After entry of a judgment for possession of personal property, and **whether or not a writ of possession of personal property has been issued, the judgment creditor may apply to the court for an order directing the judgment debtor to transfer possession of the property or documentary evidence of title to the property or both to the judgment creditor**. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, the application may be made ex parte. [Emphasis added]

(b) The court may issue an order pursuant to this section upon a showing of need for the order.

(c) The order shall be personally served on the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to being held in contempt of court."

<u>A Turnover Order (which is a direct order to the judgment debtor to turnover the property to the judgment creditor) is needed because:</u>

First, the Leased Property is readily transportable. Mr. Jung testified that Olivet currently has no less than nine (9) different campuses nationwide and that Olivet owns various other real property located throughout the United States. *See* Nate Decl., ¶ 16. Prior to Mr. Jung's testimony on February 13, 2020, Olivet would not disclose to AVT where the Leased Property was being held or if it was in

Olivet's possession. *See* Nate Decl., ¶ 12. Absent a Turnover Order, Olivet could circumvent the Court's Writ of Possession by simply moving the Leased Property to one of its other nine campuses or other real property that it owns.

Second, demand has been made on Olivet to turn over possession of the Leased Property, but Olivet has failed and refused to do so. *See* McNeill Decl., ¶¶ 4-6. A Turnover Order will put Olivet on notice that the failure to comply with the Turnover Order may subject Olivet to being held in contempt of court.

### C. AVT Is Entitled To a Private Place Order

California Code of Civil Procedure §699.030 provides in pertinent part:

"If personal property sought to be levied upon is located in a private place of the judgment debtor:

(a) The levying officer making the levy shall demand delivery of the property by the judgment debtor and shall advise the judgment debtor that the judgment debtor may be liable for costs and attorney's fees incurred in any further proceedings to obtain delivery of the property. If the judgment debtor does not deliver the property, the levying officer shall make no further effort to obtain custody of the property and shall promptly notify the judgment creditor of the failure to obtain custody of the property.

(b) The judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the levying officer to seize the property in the private place. The application may be made whether or not a writ has been issued and whether or not demand has been made pursuant to subdivision (a). The application for the order shall describe with particularity both the property sought to be levied upon, and the place where it is to be found, according to the best knowledge, information, and belief of the judgment creditor. The court may not issue the order unless the judgment creditor establishes that there is probable cause to believe that property sought to be levied upon is located in the place described. The levying officer making the levy, at the time delivery of the property pursuant to the order is demanded, shall announce his or her identity, purpose, and authority. **If the property is not voluntarily delivered, the levying officer may cause the building or enclosure where the property is believed to be located to be broken open in such manner as the levying officer reasonably believes will cause the least damage**, . . ." [Emphasis added]

Additionally, California Code of Civil Procedure §700.030 provides:

"Unless another method of levy is provided by this article, to levy upon tangible personal property in the possession or under the control of the judgment debtor, the levying officer shall take the property into custody."

California Code of Civil Procedure §699.030 permits the issuance of an order

Page 9

directing the levying officer to seize the property in the private place and if the property is not voluntarily delivered the levying officer may cause the building or enclosure where the personal property is believed to located to be broken open in such manner as the levying officer reasonably believes will cause the lease damage based on a showing of "probable cause."

<u>A private place order is needed based on the following</u>:

First, the Leased Property remains in the control, custody and possession of Olivet. On February 13, 2020, Mr. Jung testified that Olivet is still in possession of the Leased Property identified in the Judgment. *See* Nate Decl., ¶10.

Second, Mr. Jung confirmed that the servers listed in the Judgment are currently located at the Riverside Campus, in a server room located next to the chapel at the university. *See* Nate Decl., ¶ 11. Prior to Mr. Jung's testimony, Olivet would not disclose to AVT where the Leased Property was being held or if it was still in Olivet's possession. *See* Nate Decl., ¶ 12. The private place order will enable the U.S. Marshal to lawfully seize the Leased Property wherever so located.

Third, the United States Marshal has advised Ronald P. Slates, P.C. that it will <u>not</u> enter private real property to levy upon personal property normally subject to levy without a private place order. *See* Hoang Decl., ¶ 9.

Fourth, AVT has no other lawful or effective method of levy on the Leased Property. Mr. Jung testifed that Olivet would not agree to return the Leased Property. *See* Nate Decl., ¶ 17. To date, Olivet has not returned the Leased Property or otherwise agreed to allow Plaintiff to enter onto the university's property to recover the Leased Property. *See* Nate Decl., ¶ 18.

**D. AVT is Entitled To a Substitute Custodian Order**

California Rules of Court, United States District Court, Central District, Local Rule 64-2, provides in pertinent part:

> "Any Writ or other process for seizure in a civil action shall only be directed to, executed and returned by the United States Marshal . . . or a

Page 10

private person specially appointed by the Court for that purpose. Unless otherwise relieved by the Court, an attorney for the seizing party must be available to the seizing officer at the time of the seizure."

An Order for Substitute Custodian is needed because although the U.S. Marshal will seize the Leased Property, the U.S. Marshal will not take possession after such seizure. Therefore, AVT requests that this Court issue an Order for Substitute Custodian, substituting Richard Carl Knapp to take possession of the Leased Property once the same is seized by the U.S. Marshal.

Furthermore, pursuant to the instructions from the United States Marshal, the U.S. Marshal requires, that if a substitute custodian is named for the U.S. Marshal, that the Court's Order granting the Substitute Custodian include language holding the U.S. Marshal harmless for any damages incurred as a result of the seizure while the property is in the substitute custodian's custody.

### III. CONCLUSION

For these reasons, AVT respectfully requests that the Court issue orders ex parte for the following: (1) Writ of Possession; (2) Turnover Order; (3) Private Place Order and (4) Substitute Custodian Order.

DATED:  March 11, 2020

By: _/s/ RONALD P. SLATES

Ronald P. Slates, State Bar #43712
rslates2@rslateslaw.com
RONALD P. SLATES, P.C.
500 South Grand Avenue, Biltmore Tower Suite 2010, Los Angeles, California 90071
Telephone: (213) 624-1515

*Attorneys for Plaintiff/Judgment Creditor*
*AVT - NEW YORK, L.P., a Utah limited partnership*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF AND JUDGMENT CREDITOR AVT'S EX PARTE APPLICATION FOR WRIT OF POSSESSION; TURNOVER ORDER; PRIVATE PLACE ORDER AND SUBSTITUTE CUSTODIAN ORDER