1  RONALD P. SLATES, State Bar #43712
2  RONALD P.  SLATES, A PROFESSIONAL CORPORATION
   500 South Grand Avenue, Biltmore Tower Suite 2010
3  Los Angeles, California 90071
4  (213) 624-1515 / FAX (213) 624-7536
   rslates2@rslateslaw.com
5  Attorneys for Plaintiff and Judgment Creditor
6  AVT - NEW YORK, L.P., a Utah limited partnership

7

8              UNITED STATES DISTRICT COURT

9  FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

11

12  AVT - NEW YORK, L.P., a Utah limited )   CASE NO. 5:20-cv-00269-VAP
    partnership,                         )
13                                       )   **[PROPOSED] SUBSTITUTE**
14            Plaintiff,                  )   **CUSTODIAN ORDER FOR**
                                          )   **PERSONAL PROPERTY**
15        vs.                             )   **PURSUANT TO ISSUED WRIT OF**
16                                        )   **EXECUTION [DOCKET NO. 15]**
    OLIVET UNIVERSITY, a California       )
17  corporation,                          )   The Hon. Virginia A. Phillips, Chief
18                                        )   District Judge
            Defendant.                    )
19                                        )   Crtrm:  8A, 8th Floor
20                                        )   Place:  350 West 1st Street
                                          )        Los Angeles, CA 90012
21  _____  )

22                                          Judgment entered on January 7, 2019
23

24

25        Upon application duly made by Plaintiff and Judgment Creditor AVT - NEW

26  YORK, L.P., a Utah limited partnership ("AVT") and good cause having been shown

27  therefor:

28        AVT has retained Atlas Transfer and Storage Company as the substitute

                              Page 1
_____
                 [PROPOSED] SUBSTITUTE CUSTODIAN ORDER

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER  SUITE  2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  custodian to transport and store all personal property to be taken pursuant to the issued

2  Writ of Execution [docket no. 15].

3      The personal property to be seized is described as follows:

4      (1) Library Books;

5      (2) Dell Computers;

6      (3) Broadcasting Camera Equipment;

7      (4) Copiers and Routing Equipment;

8      (5) Pacific Western Equipment Finance(Equipment Lease);

9      (6) Computer for Lab- Dell laptops;

10     (7) John Savoy + Son Inc (inv# 25301) - SINGLE SMART BED W/METAL

11     CHANNEL INSERT;

12     (8) John Savoy + Son Inc (inv# 25301) - NYLON COVERED INVERTED

13     SEAM MATTRESS;

14     (9) John Savoy + Son Inc (inv# 25301) - NITTANY PEDESTAL DESK

15     W/PENCIL DWR, 45W;

16     (10) John Savoy + Son Inc (inv# 25301) - NITTANY 3-DRAWER CHEST,

17     30W;

18     (11) John Savoy + Son Inc (inv# 25301) - 2-POSITION CHAIR, WOOD

19     SEAT/BACK;

20     (12) Bookshelving;

21     (13) Superior Mattress and

22     (14) Any and all other personal property located on said Premises and

23     wheresoever located.

24     IT IS ORDERED that upon transfer of custody of the Judgment Debtor OLIVET

25  UNIVERSITY's, a California corporation, personal property to the substitute custodian

26  by the U.S. Marshal, the U.S. Marshal, his keeper, the United States of America, and

27  the substitute custodian shall not be liable for any loss occurring while it remains in the

28  custody of the substitute custodian.

Page 2

[PROPOSED] SUBSTITUTE CUSTODIAN ORDER

IT IS FURTHER ORDERED that the substitute custodian shall move the seized personal property to its choice of premises.  Thereafter, the U.S. Marshal shall conduct an auction of the seized personal property at said premises pursuant to the Writ of Execution issued by this Court and in accordance with the procedures and rules of the U.S. Marshal (if any) governing such auctions sales.

IT IS FURTHER ORDERED that AVT shall hold harmless, indemnify, and defend the U.S. Marshal, his keeper, the United States of America, and the substitute custodian, whether the actions and activities of the aforesaid are negligent or not, against any claims and actions of any nature arising out of any actions or activities of any nature undertaken or performed by AVT (and its agents, servants, employees, or others from whom AVT is responsible), in relation to AVT's storage of the personal property that is the subject of the Writ of Execution issued by this Court in the above-captioned matter, including, but not limited to, claims and actions by AVT (and its agents, servants, employees, or others from whom AVT is responsible), and, further, shall hold harmless and defend the U.S. Marshal, his keeper, the United States of America, and the substitute custodian against all such claims and actions and shall be liable for payment and satisfaction of all judgments rendered or amounts agreed upon in settlement of such claims and actions, in addition to attorneys' fees, costs, disbursements, and court costs incurred in defending against such claims and actions.

DATED:  _____, 2020

_____
The Hon. Virginia A. Phillips,
Chief District Judge

Page 3

[PROPOSED] SUBSTITUTE CUSTODIAN ORDER

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER  SUITE  2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536